The Honorable John H. Chun

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BENJAMIN JOSEPH LIGERI<br><br>Plaintiff,<br><br>v.<br><br>AMAZON.COM SERVICES LLC, AMAZON PAYMENTS, INC.,<br><br>Defendants. | Case No. 2:25-cv-00764-JHC<br><br>**AMAZON'S OPPOSITION TO PLAINTIFF'S MOTION TO VACATE ASSIGNMENT**<br><br>NOTE ON MOTION CALENDAR:<br>July 16, 2025[1] |

## I.    INTRODUCTION

The Court should reject the misguided attempts by Plaintiff Benjamin Joseph Ligeri ("Ligeri") to vacate the assignments to this Court (Chun, J.) of the three cases he recently filed in this District ("Motions to Vacate"): 2:25-cv-00764-JHC ("RICO Action"), 2:25-cv-00796-JHC ("Trademark Action"), and 2:25-cv-00860-JHC ("Equity Action") (collectively, the "Actions").[2] As Ligeri did in his opposition (*see* Dkt. 12) to the Motion to Consolidate filed by Amazon.com Services LLC and Amazon Payments, Inc., Ligeri's Motions to Vacate contain fake case

---

[1] Ligeri filed his Motion to Vacate on June 25, 2025, yet improperly noted it for consideration 16 days later, on July 11, 2025. Pursuant to LCR 7(d)(3), the Motion to Vacate is a 21-day motion, properly noted for consideration on July 16, 2025. This opposition is therefore timely filed on July 10, 2025, 15 days after the motion was filed.

[2] Amazon.com, Inc., Amazon.com Services LLC and Amazon Payments, Inc. (collectively, "Amazon") are filing nearly identical oppositions to Ligeri's Motions to Vacate in each of these three cases, as the Court has yet to rule on Amazon's Motion to Consolidate. Dkt. 9. Ligeri's tactic of filing identical motions in all three cases underscores the need for consolidation to preserve judicial resources and ensure issues are adjudicated consistently.

AMAZON'S OPPOSITION TO MOTION TO VACATE
(Case No. 2:25-cv-00764-JHC) - 1

citations hallucinated by artificial intelligence. Ligeri has articulated no *real* case law in support of his Motions to Vacate, rendering the motions completely unsupported.

Further, Ligeri's Motions to Vacate rest on two baseless assumptions. First, Ligeri misconstrues assignment of the cases to this Court as a ruling on Amazon's Motion to Consolidate. Second, Ligeri asserts without a shred of support that this Court is disqualified under 28 U.S.C. § 455(a) due to impartiality concerns related to Your Honor's "decade-long tenure as a member of the American Arbitration Association's Commercial and Employment Panels." Dkt. 15, 2. Ligeri's Motions to Vacate simply reflect more of his wasteful and misguided litigation tactics.

## II. BACKGROUND

Amazon will assume the Court's familiarity with the facts of the Actions that Ligeri has filed against Amazon in this District, as they have been already briefed in Amazon's Motion to Consolidate in the RICO Action (Dkt. 9); Amazon's Motion to Compel Arbitration and Dismiss in the Trademark Action (Dkt. 15); and Amazon's Motion to Compel Arbitration in the Equity Action (Dkt. 15). Thus, Amazon only discusses here additional facts relevant to Ligeri's Motions to Vacate assignment of the three cases to Your Honor.

Ligeri filed the RICO Action on April 25, 2025. Dkt. 1. The RICO case was originally assigned to Magistrate Judge Vaughan, and on June 17, 2025, the Clerk entered a Minute Order reassigning the case to Your Honor. Dkt. 13. Ligeri filed the Trademark Action on April 28, 2025. Dkt. 1. The Trademark Action was originally assigned to Judge Lin, and on June 25, 2025, the Clerk entered a text only Order on the docket reassigning the case to Your Honor. Ligeri filed the Equity Action on May 6, 2025. Dkt 1. The Equity Action was originally assigned to Judge Whitehead, and on June 25, 2025, the Clerk entered a Minute Order reassigning the case to Your Honor. Dkt. 12.

On June 13, 2025, Amazon filed its motion to consolidate the three actions in the RICO Action (Dkt. 9), and filed notices of its Filed Motion to Consolidate in the Trademark Action (Dkt. 11) and in the Equity Action (Dkt. 9). Ligeri filed his Opposition to the Motion to

AMAZON'S OPPOSITION TO MOTION TO VACATE
(Case No. 2:25-cv-00764-JHC) - 2

Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

Consolidate on June 16, 2025. Dkt. 12. On June 25, 2025, Ligeri filed identical Motions to Vacate assignment of the three cases to Your Honor. *See* RICO Action Dkt. 15, Trademark Action Dkt. 13, Equity Action Dkt. 13.

### III.   ARGUMENT

#### A.   Ligeri's Motions Again Contain Fabricated Legal Citations.

Ligeri's Motions to Vacate contain AI-generated case cites to a fake case and each "quotation" in the opinions he cites are completely fabricated. In fact, the citations in Ligeri's Motions to Vacate are to the same cases he cited in his Opposition to the Motion to Consolidate (Dkt. 13), which also included similar hallucinatory quotations. *See* Amazon's Reply in Support of its Motion to Consolidate, Dkt. 17 (discussing Ligeri's fake citations). Ligeri cites to a completely made-up opinion in a Florida state court case, *Investor Life v. Camarillo*, 2020 WL 2736090, and this Westlaw citation is actually the plaintiff's brief in a post-judgment motion in the case. *See id.* Ligeri's "quotations" of *Johnson v. Celotex*, 899 F.2d 1281 (2d Cir. 1990), *In re Repetitive Stress Injury Litig.*, 11 F.3d 368 (2d Cir. 1993) and *Hall v. Hall*, 138 S. Ct. 1118 (2018) are to language that does not exist in any of these opinions and are contrary to the holdings of those cases. *See id*. The Court should ignore Ligeri's legal arguments and the fake authority on which they rest. *See Grant v. City of Long Beach*, 96 F.4th 1255, 1256 (9th Cir. 2024) (striking brief with fake citations); *see also Dukuray v. Experian Info. Sols.*, 2024 WL 3812259, at *12 (S.D.N.Y. July 26, 2024), *report and recommendation adopted*, 2024 WL 3936347 (S.D.N.Y. Aug. 26, 2024) (advising pro se litigant that further filing of fake citations will result in striking of the filings and other sanctions); *Whaley v. Experian Info. Sols., Inc.*, 2023 WL 7926455, at *1 n.2 (S.D. Ohio Nov. 16, 2023) (stating the penalty for submitting fake case cites may involve striking the document, among other sanctions); *Will of Samuel*, 82 Misc. 3d 616, 620, 206 N.Y.S.3d 888, 891 (N.Y. Sur. 2024) (striking pleadings with fake citations). He has not provided any legal basis for vacating the re-assignment, or that he even has any right to seek the relief he requests.

AMAZON'S OPPOSITION TO MOTION TO VACATE
(Case No. 2:25-cv-00764-JHC) - 3

Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

### B. Ligeri Confuses Assignment with Consolidation.

The Court has yet to rule on Amazon's Motion for Consolidation, yet Ligeri's Motions to Vacate read as if the re-assignment of the cases to Your Honor constituted consolidation. Ligeri is wrong. Although Amazon has also moved to consolidate the cases, that motion remains pending. Assigning the three cases to Your Honor for judicial efficiency does not render them consolidated. In fact, re-assignment of the three cases is permitted under this Court's General Order 03-25, which governs assignment of cases among the judges in this District. This Order provides that civil actions "involving common questions of law and fact (but not necessarily the same parties) are assigned to different judges and it appears to any judge of this court that there may be good reason to assign all such actions to one judge, those cases may be assigned to the judge with the case bearing the earliest filing date, at that judge's option." Ligeri's Motions to Vacate ignore this General Order, and in any event, he provides no basis for the Court to vacate the assignments, which promote judicial efficiency.

Ligeri also complains that the "Court reassigned the cases before issuing any hearing on Amazon's consolidation motion" and that he was deprived of his "right to meaningfully oppose consolidation." Dkt. 15. Ligeri's argument ignores LCR 7(b)(4), which states "[u]nless otherwise ordered by the court, all motions will be decided by the court without oral argument," and rings hollow in any event because he filed his opposition to Amazon's Motion to Consolidate *before* the reassignment orders.

### C. Ligeri's Request to Disqualify Your Honor Is Baseless and Unsupported.

Ligeri has not presented a shred of evidence that Your Honor is biased and should be disqualified under 28 U.S.C. § 455(a). "Judicial impartiality is presumed." *First Interstate Bank of Arizona, N.A. v. Murphy, Weir & Butler*, 210 F.3d 983, 987 (9th Cir. 2000). Ligeri has a "substantial burden" in overcoming this presumption, and "[a] judge has 'as strong a duty to sit when there is no legitimate reason to recuse as he does to recuse when the law and facts require.'" *Elkharwily v. First Interstate Bank*, 2025 WL 1509146, at *1 (E.D. Wash. May 27, 2025). For disqualification, Ligeri must show that "a reasonable person with knowledge of all the

AMAZON'S OPPOSITION TO MOTION TO VACATE
(Case No. 2:25-cv-00764-JHC) - 4

Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

facts would conclude that the judge's impartiality might reasonably be questioned." *United States v. Wilkerson*, 208 F.3d 794, 797 (9th Cir. 2000).

Ligeri has presented no facts, in an affidavit or otherwise, to suggest partiality. Instead, his motion sets forth vague accusations and speculation that your Honor is biased due to alleged prior work on AAA arbitrator panels. Ligeri's subjective belief of partiality supported only by his own conclusory argument is patently insufficient. *See In re Complaint of Jud. Misconduct*, 584 F.3d 1230, 1231 (9th Cir. 2009) (vague accusations insufficient); *Clemens v. U.S. Dist. Ct. for Cent. Dist. of California*, 428 F.3d 1175, 1178 (9th Cir. 2005) (rumor, speculation, beliefs, conclusions, innuendo, suspicion, and opinion are insufficient); *United States v. Sibla*, 624 F.2d 864, 868 (9th Cir. 1980) (conclusions devoid of specific fact allegations insufficient). Thus, the Court should reject Ligeri's misguided litigation tactics and deny his Motions to Vacate.

## IV.  CONCLUSION

For the above reasons, Amazon respectfully requests the Court deny Ligeri's Motion to Vacate assignment of the three cases to Your Honor.

DATED this 10th day of July, 2025.

DAVIS WRIGHT TREMAINE LLP

By: */s/ John A. Goldmark*
John A. Goldmark, WSBA #40980
920 5th Avenue, Suite 3300
Seattle, WA 98104-1610
Telephone: (206) 757-8068
Email: johngoldmark@dwt.com

John M. Magliery, WSBA #60082
Adam W. Sgro (*pro hac vice forthcoming*)
1251 Avenue of the Americas, 21st Floor
New York, New York 10020-1104
Telephone: (212) 489-8230
Email: johnmagliery@dwt.com
Email: adamsgro@dwt.com

*Attorneys for Defendants Amazon.com Services LLC, and Amazon Payments, Inc.*

*I certify that this memorandum contains 1,438 words in compliance with the Local Civil Rules.*

AMAZON'S OPPOSITION TO MOTION TO VACATE
(Case No. 2:25-cv-00764-JHC) - 5

Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax