UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BENJAMIN JOSEPH LIGERI,<br><br>Plaintiff,<br><br>v.<br><br>AMAZON.COM INC.,<br><br>Defendant. | CASE NO. 2:25-cv-00860-JHC<br><br>ORDER |
| BENJAMIN JOSEPH LIGERI,<br><br>Plaintiff,<br><br>v.<br><br>AMAZON.COM INC.,<br><br>Defendant. | CASE NO. 2:25-cv-00764-JHC |
| BENJAMIN JOSEPH LIGERI,<br><br>Plaintiff,<br><br>v.<br><br>AMAZON.COM INC.,<br><br>Defendant. | CASE NO. 2:25-cv-00796-JHC |

ORDER- 1

This matter comes before the Court on a portion of Plaintiff Benjamin Joseph Ligeri's Motions to Vacate Judicial Reassignment due to Procedural Error. Case No. 25-860, Dkt. # 13; Case No. 25-764, Dkt. # 15; Case No. 25-796, Dkt. # 13. Ligeri argues, among other things, that the case should be reassigned to another judge because "Judge Chun's longstanding affiliation with the [American Arbitration Association] creates the risk that impartiality 'might reasonably be questioned[.]" Case No. 25-860, Dkt. # 13 at 2; Case No. 25-764, Dkt. # 15 at 2; Case No. 25-796, Dkt. # 13 at 2. (quoting 28 U.S.C. § 455(a)). Based on this statement, among others, the Court construes Ligeri's motion as seeking the Court's recusal.[1] Being fully advised, for the reasons discussed below, the Court DENIES Ligeri's request.

"Whenever a motion to recuse directed at a judge of this court is filed pursuant to 28 U.S.C. § 144 or 28 U.S.C. § 455, the challenged judge will review the motion papers and decide whether to recuse voluntarily." LCR 3(f). "If the challenged judge decides not to voluntarily recuse, he or she will direct the clerk to refer the motion to the chief judge." *Id.*

A judge of the United States must recuse from any proceeding in which their "impartiality might reasonably be questioned." 28 U.S.C. § 455(a). Federal judges must also disqualify themselves when they have "a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." *Id.* § 455(b)(1).

Ligeri does not present any argument giving rise to a legitimate question of the Court's impartiality. He does not point to any "extrajudicial source" of bias. *See Taylor v. Regents of Univ. of Cal.*, 993 F.2d 710, 712 (9th Cir. 1993). He makes conclusory claims, with no affidavit or citation to the record, that the Court is biased because of "his decade-long tenure as a member of the American Arbitration Association's Commercial and Employment Panels [.]" Case No.

---

[1] This order addresses only Ligeri's apparent request for the Court's recusal from these matters.

ORDER- 2

25-860, Dkt. # 13 at 2; Case No. 25-764, Dkt. # 15 at 2; Case No. 25-796, Dkt. # 13 at 2. Ligeri says that the Court's "resume is the mutant ideal of what Amazon seeks: a jurist fluent in corporate hyper technicality, trained in procedural logic over equitable remedy, and fundamentally shaped by the very mechanisms now under scrutiny." *Id.*

Such conclusory allegations of bias do not support recusal. *Eckstrom v. Beard*, CV 2:15-08560-TJH (ASx), 2015 WL 13905967, at *2 (C.D. Cal. Dec. 28, 2015), *aff'd*, 705 F. App'x 588 (9th Cir. 2017); *In re Complaint of Jud. Misconduct*, 584 F.3d 1230, 1231 (9th Cir. 2009) ("[V]ague accusations and convoluted demands don't satisfy complainant's obligation to provide objective evidence of misconduct."); *United States v. Sibla*, 624 F.2d 864, 868 (9th Cir. 1980) ("The motion and affidavit filed by Sibla contain only Sibla's conclusions and are devoid of specific fact allegations tending to show personal bias stemming from an extrajudicial source.").

The undersigned makes rulings in each case based on the issues presented by the parties or on *sua sponte* review and has no personal bias or reason to be partial to one side or the other in this matter. Ligeri has not shown that a reasonable person could question the undersigned's impartiality. The undersigned will not recuse himself voluntarily from this case.

Accordingly, the Court DENIES Ligeri's request for recusal. Also, the Court DIRECTS the Clerk to refer the motion to Chief Judge David Estudillo for further review.

Dated this 15th day of July, 2025.

John H. Chun
United States District Judge

ORDER- 3