1

2

3

4

5

6

7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

8

BENJAMIN JOSEPH LIGERI,

CASE NO. 2:25-cv-00764-JHC

9

Plaintiff,

ORDER

10

v.

11

AMAZON.COM SERVICES LLC;
AMAZON PAYMENTS, INC.;
AMAZON.COM, INC.,

12

13

Defendants.

14

15

16      This matter comes before the Court on pro se Plaintiff Benjamin Joseph Ligeri's

17 "Emergency Motion to Vacate Order."  Case No. 25-764, Dkt. # 26.  Because this motion

18 appears to request the Court reconsider its previous order, the Court construes it as a motion for

19 reconsideration.  *See* Case No. 25-764, Dkt. ## 25, 26.

20      "Motions for reconsideration are disfavored and will ordinarily be denied absent a

21 showing of (a) manifest error in the ruling, or (b) facts or legal authority which could not have

22 been brought to the Court's attention earlier with reasonable diligence."  *Cunningham v. Fortney*,

23 2024 WL 1931695, at *1 (W.D. Wash. May 2, 2024) (citing LCR 7(h)(1)).  Manifest error is "an

24 error that is plain and indisputable, and that amounts to a complete disregard of the controlling

ORDER - 1

law or the credible evidence in the record." *Gaskill v. Travelers Ins. Co.*, 2012 WL 13026638, at *1 (W.D. Wash. Mar. 28, 2012) (quoting *Black's Law Dictionary* 622 (9th ed. 2009)).

Ligeri asserts that the Court's previous order should be vacated because the Court is "rubber stamping anything that Amazon submits, while ignoring Plaintiff's motions." Case No. 25-764, Dkt. # 26 at 2. He asserts that the Court's order compelling arbitration was issued "with no factual basis, no hearing, and no meaningful legal review." *Id.* He describes ten reasons why the Court should not have compelled arbitration. *Id.* at 2–7.

Ligeri fails to show manifest error in the Court's order compelling arbitration. He also fails to demonstrate any facts or legal authority that he could not have brought to the Court's attention earlier with reasonable diligence.

First, Judge Jeffrey A. Meyer of the United States District Court for the District of Connecticut conducted a two-day evidentiary hearing, in which Ligeri and Amazon presented "extensive testimony and exhibits" about whether the parties had a valid, enforceable arbitration agreement. *See Ligeri v. Amazon.com Inc.*, No. 3:23-CV-603 (JAM), 2024 WL 3638241, at *1 (D. Conn. Aug. 2, 2024), *appeal dismissed*, No. 24-2337, 2025 WL 711544 (2d Cir. Feb. 13, 2025). The court concluded that under Amazon's Business Solutions Agreement (BSA), Ligeri was bound to arbitrate his disputes, except for his intellectual property claims, with Amazon. *See generally id.* Although Ligeri now contends that he had "no meaningful legal review" as to the validity of the arbitration agreement, the extensive record before the Court, including two previous lawsuits Ligeri brought against Amazon in the District of Connecticut, proves otherwise. And many arguments that Ligeri is raising in his present motion, including arguments concerning the formation of the parties' contract and the unconscionability of the arbitration provision, were examined at length and rejected by Judge Meyer. *See Ligeri*, 2024 WL 3638241, at *1–11.

ORDER - 2

Although the Court is not bound by Judge Meyer's decision, the Court agrees with Judge Meyer that Ligeri is bound by the arbitration clause in the BSA. Case No. 25-764, Dkt. # 25 at 12–13. In his opposition to Amazon's motion to compel arbitration, Ligeri did not dispute the validity of the BSA's arbitration provision. *See generally* Case No. 25-796, Dkt. # 17. Instead, he only asserted that the arbitration provision did not apply to his claims because they "post-date" his status as a seller on Amazon. *Id.* at 2. The Court evaluated Ligeri's contention and determined that based on the terms of the BSA, the arbitration provision survives the termination of the parties' agreement. *See* Case No. 25-764, Dkt. # 25 at 13.

Section 18 of the BSA says that the parties agree to arbitrate any "dispute" or "claim" that relates "in any way" to "this Agreement" or "your use of the Services." *Id.* at 13. And Section 3 of the BSA states, "On termination of this Agreement, all related rights and obligations under this Agreement immediately terminate, *except* . . . (e) Sections 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 14, 15 and *18* of these General Terms survive." *See id.* Section 3 of the BSA provides that Section 18 of the BSA—the section containing the arbitration provision—survives the parties' termination of the agreement.

Last, the BSA delegates questions of arbitrability to the arbitrator. *Id.* at 13–16. Ligeri made no arguments challenging the delegation provision. The Court concluded that whether Ligeri's claims fall within the scope of the arbitration provision must be resolved by the arbitrator. *Id.* at 16.

The Court notes that Ligeri says that the Court's previous order appears "internally inconsistent" because the Court cited the motions to compel arbitration that Amazon filed in Case No. 25-796, Dkt. # 15 and Case No. 25-860, Dkt. # 15. *See* Case No. 25-764, Dkt. # 26 at 7. For the avoidance of any confusion, the Court reiterates that it granted Amazon's request for arbitration as to all of Ligeri's claims *except* for his intellectual property claims—i.e., his Lanham

ORDER - 3

Act claims for trademark infringement and false designation of origin and his Washington CPA

claim.  *See* Case No. 25-764, Dkt. # 25 at 21.  As to those claims, the Court granted Amazon's

Rule 12(b)(6) motion and dismissed these claims without prejudice.  *Id.*

Based on the above, the Court DENIES the motion.

Dated this 4th day of August, 2025.

John H. Chun
United States District Judge

ORDER - 4