UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| BENJAMIN JOSEPH LIGERI, | CASE NO. 2:25-cv-00764-JHC |
| Plaintiff, | ORDER AFFIRMING DENIAL OF RECUSAL (DKT. NO. 40) |
| v. | |
| AMAZON.COM SERVICES LLC et al., | |
| Defendant. | |

    This matter comes before the Court on United States District Judge John Chun's denial (Dkt. No. 40) of Plaintiff's second motion for his recusal (Dkt. No. 38). Local Civil Rule 3(f) provides that "whenever a motion to recuse directed at a judge of this court is filed pursuant to 28 U.S.C. § 144 or 28 U.S.C. § 455" and the "challenged judge decides not to voluntarily recuse" herself, he must "direct the clerk to refer the motion to the chief judge." Plaintiff's motion for recusal seeks relief under 28 U.S.C. § 455(a) and (b)(1). (Dkt. No. 38 at 1.) Accordingly, this Court now reviews Judge Chun's decision not to recuse.

Motions for recusal are governed by 28 U.S.C. § 144 and 28 U.S.C § 455. Recusal is required if the judge's "impartiality might reasonably be questioned." 28 U.S.C. § 455(a); *see also Yagman v. Republic Ins.*, 987 F.2d 622, 626 (9th Cir. 1993). This is an objective inquiry focused on the appearance of impartiality. *Preston v. United States*, 923 F.2d 731, 734 (9th Cir. 1992). Recusal is also required in specific situations, including where the judge "has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." *Id*. Such bias or prejudice must derive from more than standard disagreements with court rulings. *Mayes v. Leipziger*, 729 F.2d 605, 607 (9th Cir. 1984).

The basis for Plaintiff's recusal motion is that Judge Chun erred by compelling arbitration. (Dkt. No. 38 at 2–5.) As Judge Chun explained in his order denying the recusal motion, this is not evidence of bias nor a valid basis for recusal. *See Liteky,* 510 U.S. at 555; *United States v. Nelson*, 718 F.2d 315, 321 (9th Cir. 1983). Plaintiff's motion describes case law he believes Judge Chun failed to consider (*see id.* at 4–5), but those arguments go to the merits of the ruling and again are not a proper basis for recusal. *See Downs v. California Atty. Gen.,* 639 F. App'x 435, 436 (9th Cir. 2016) (district court did not err in denying disqualification of magistrate judge, because "disagreement with the magistrate judge's rulings does not provide a basis for recusal"); *see also Gandolfo v. Avis Budget Grp., Inc.*, No. CV 22-00246 LEK-KJM, 2023 WL 6392429, at *3 (D. Haw. Oct. 2, 2023) ("mere disagreement with the rulings cannot serve as a valid basis for recusal.").

Plaintiff also argues that "the fact that the judge comes from a background that is in love with the arbitration forum" requires recusal. (Dkt. No. 38 at 4.) However, as this Court noted in its previous order affirming denial of recusal, these "assertions concerning Judge Chun's

1  background and perspective are unfounded assumptions that cannot support a motion for
2  recusal." (Dkt. No. 22 at 3.)
3      Plaintiff has presented no arguments or evidence that could reasonably call Judge Chun's
4  impartiality into question. Accordingly, the Court AFFIRMS Judge Chun's denial (Dkt. No. 40)
5  of Plaintiff's motion for recusal (Dkt. No. 38.)
6      Dated this 21st day of October, 2025.

David G. Estudillo
United States District Judge