UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BENJAMIN JOSEPH LIGERI, | CASE NO. 2:25-cv-00764-JHC |
| Plaintiff, | ORDER |
| v. | |
| AMAZON.COM SERVICES LLC, | |
| Defendant. | |

# I

## INTRODUCTION

This matter comes before the Court on three motions: (1) Defendant's Motion to Compel Arbitration and Dismiss Amended Complaint (Dkt. # 35); (2) Plaintiff's Emergency Motion for Temporary Restraining Order and Preliminary Injunction (Dkt. # 39); and (3) Plaintiff's Motion to Lift Stay as to Member Case No. 2:25-cv-00860 and to Confirm that the Equity and Constructive Trust Claims Are Not Subject to Arbitration (Dkt. # 45). The Court has considered the materials filed in support of and in opposition to the motions, pertinent portions of the record, and the applicable law. The Court finds oral argument unnecessary. Being fully advised, the Court: (1) GRANTS Defendant's Motion to Compel Arbitration and Dismiss Plaintiff's

ORDER - 1

Amended Complaint (Dkt. # 35); (2) DENIES Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction (Dkt. # 39); and (3) DENIES Plaintiff's Motion to Lift Stay (Dkt. # 45).

## II
### BACKGROUND

This action involves a series of intellectual property (IP) and other claims filed by pro se Plaintiff Benjamin Joseph Ligeri against Defendant Amazon.com Services LLC.[1]  As pertinent to the pending motions, Plaintiff's initial complaints alleged that Defendant committed trademark infringement and false designation of origin, tortious interference with business expectancy, conversion, and unjust enrichment.[2]  The complaints also requested various forms of equitable and monetary relief.[3]

Plaintiff and Defendant then filed a series of motions, which the Court resolved in its July 30, 2025 Omnibus Order.[4]  Dkt. # 25.  Among these motions were Defendant's Motion to Compel Arbitration (Case No. 2:25-cv-00796-JHC, Dkt. # 15; Case No. 2:25-CV-00860-JHC, Dkt. # 15) and Defendant's Rule 12(b)(6) Motion to Dismiss (Case No. 2:25-cv-00796-JHC, Dkt. # 15).  *Id.*  The Court granted these motions in the Omnibus Order, thereby: (a) compelling Plaintiff to arbitrate all non-IP claims in the complaints; (b) compelling Plaintiff to arbitrate all IP claims for non-injunctive relief in the complaints; (c) staying the case with respect to

---

[1] Plaintiff initially filed three separate cases: Case No. 2:25-cv-00764-JHC, Case No. 2:25-cv-00796-JHC, and Case No. 2:25-CV-00860-JHC.  On July 30, 2025, the Court issued an Omnibus Order, consolidating the three cases into the above-captioned case.  *See* Dkt. # 25 at 8.

[2] *See generally* Case No. 2:25-cv-00764-JHC, Dkt. # 1; Case No. 2:25-cv-00796-JHC, Dkt. # 1; Case No. 2:25-CV-00860-JHC, Dkt. # 1.

[3] *See generally* Case No. 2:25-cv-00764-JHC, Dkt. # 1; Case No. 2:25-cv-00796-JHC, Dkt. # 1; Case No. 2:25-CV-00860-JHC, Dkt. # 1.

[4] The Omnibus Order addresses: (1) Plaintiff's Motion to Vacate Reassignment; (2) Defendant's Motion to Consolidate Cases; (3) Plaintiff's Motion to Clarify Procedural Posture, Respond to Defendants' Motions Rife with Character Attacks, and Request Oral Argument on the Matters Before the Court; (4) Defendant's Motion to Compel Arbitration; (5) Defendant's Motion to Compel Arbitration and Motion to Dismiss; and (6) Defendant's Motion to Stay Discovery and 26(f) Deadlines.  *See* Dkt. # 25.

arbitrable claims pending the conclusion of arbitration; and (d) dismissing without prejudice all IP claims for injunctive relief in the complaints. *Id.* at 21. The Court granted Plaintiff leave until August 29, 2025, to file an amended complaint, but limited such leave to the claims dismissed by the order without prejudice. *Id.* Plaintiff then moved to vacate the consolidation order (Dkt. # 26) and alter or amend the judgment (Dkt. # 28). The Court denied both motions. *See* Dkt. ## 27, 34.

On September 3, 2025, Plaintiff filed the First Amended Complaint (FAC). Dkt. # 30. The FAC asserts claims for trademark infringement under 15 U.S.C. § 1114, false designation of origin under 15 U.S.C. § 1125(a), contributory trademark infringement "under the Lanham Act and Common Law Principles," unjust enrichment, tortious interference with business expectancy and failure to pay W2 wages, and violation of the Americans with Disabilities Act (ADA). *Id.* Plaintiff seeks various forms of monetary, declaratory, and injunctive relief. *Id.*

On September 17, 2025, Defendant moved to compel arbitration and dismiss the FAC. Dkt. # 35. Plaintiff then moved for the recusal of the undersigned judge (Dkt. # 38) and preliminary injunctive relief (Dkt. # 39). The Court denied Plaintiff's request for recusal and referred the motion to Chief Judge David G. Estudillo for further review. Dkt. # 40. Plaintiff then moved to "lift the stay as to member case 2:25-cv-00860-JHC" and "confirm that Plaintiff's equity and constructive-trust claim is not referable to arbitration under the Federal Arbitration Act." Dkt. # 45. On October 21, 2025, Chief Judge Estudillo issued an order affirming the denial of Plaintiff's motion for recusal. Dkt. # 50. All three motions are now fully briefed and properly before the Court.

# III

## Discussion

A.   Defendant's Motion to Compel Arbitration and Dismiss the FAC

Defendant contends that the FAC's claims "are plagued by the same defects that the Court already identified in its July 30, 2025 Omnibus Order." Dkt. # 35 at 5. Defendant thus requests that the Court: (1) "*again* compel [Plaintiff] to arbitrate all his non-IP injunction claims pursuant to the BSA"; and (2) "dismiss [Plaintiff's] remaining trademark claims for injunctive relief[, with prejudice,] because he fails to state a claim for either direct infringement or contributory liability." *Id*. at 17. Although Plaintiff's Response makes many arguments, *see* Dkt. # 37, none respond directly to the core thrust of Defendant's Motion, i.e., that the Court has already compelled Plaintiff to arbitrate most of his claims and that any remaining claims in the FAC must be dismissed under Rule 12(b)(6).[5] *See generally* Dkt. # 37.

As for Plaintiff's non-IP claims and his IP claims for non-injunctive relief, the Court concludes that it has already required Plaintiff to arbitrate these claims. As explained in the Omnibus Order, "the BSA contains a valid, enforceable arbitration provision." Dkt. # 25 at 16. This provision requires Plaintiff to arbitrate "any 'dispute' or 'claim' that relates 'in any way' to '[the] Agreement' or '[his] use of the Services,'" except for any claims "to enjoin infringement or other misuse of intellectual property rights." *Id.* at 13, 16. Because Plaintiff's claims of unjust enrichment, tortious interference with business expectancy and failure to pay W2 wages, and violation of the ADA relate in some way to the BSA and Plaintiff's use of Defendant's

---

[5] Plaintiff's Response addresses the following issues: whether Plaintiff owned multiple Amazon accounts, whether Defendant provided a plausible basis for deactivating Plaintiff's account, the merits of Defendant's "related account theory," the definition of "robbery" under Washington state law, whether Plaintiff and his account are affiliated with Saudi Arabia, the antitrust implications of Defendant's "account association scheme," the enforceability of the BSA, and whether this Court, and the legal system more generally, can fairly evaluate Plaintiff's claims. *See* Dkt. # 37. Even under a liberal construction of Plaintiff's Response, the Court cannot discern any connection between these questions and the issues of compelled arbitration and failure to state a claim currently before the Court.

ORDER - 4

services, these claims fall squarely within the scope of the BSA's arbitration provision. Plaintiff's request for non-injunctive relief for his trademark infringement, false designation of origin, and contributory trademark infringement claims likewise relate in some way to the BSA and his use of the services and therefore must be arbitrated. The Court thus reaffirms its prior ruling that Plaintiff "is bound by the arbitration clause in the BSA," *see* Dkt. # 25 at 12, and compels Plaintiff to arbitrate his non-IP claims and IP claims for non-injunctive relief.

As for Plaintiff's IP claims for injunctive relief, the Court concludes that the FAC still fails to state a claim under Rule 12(b)(6). The Omnibus Order sets forth the appropriate standard for reviewing a motion to dismiss under Rule 12(b)(6):

> In reviewing a motion to dismiss under Rule 12(b)(6), a court takes all well-pleaded factual allegations as true and determines whether the complaint "state[s] a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Although the court draws all reasonable inferences in favor of the plaintiff, it is not "required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

Dkt. # 25 at 16.

The Order also sets forth the elements of a claim for trademark infringement and false designation of origin under the Lanham Act, explaining the standards for both direct and contributory infringement. *See id.* at 17-19. As pertinent here,

> Under a theory of direct liability, "the alleged infringer must directly use the trademarks; a party that merely facilitates or assists others' use cannot be liable for direct infringement." *Atari Interactive, Inc. v. Redbubble, Inc.*, 515 F. Supp. 3d 1089, 1101 (N.D. Cal. 2021), *aff'd in part*, No. 21-17062, 2023 WL 4704891 (9th Cir. July 24, 2023).

Dkt. # 25 at 17. And under a theory of contributory liability,

> [T]he plaintiff must allege that the defendant "continue[s] to supply its services to one who it knew or had reason to know was engaging in trademark infringement."

ORDER - 5

*Louis Vuitton Malletier, S.A. v. Akanoc Sols., Inc.*, 658 F.3d 936, 942 (9th Cir. 2011) (citing *Inwood Labs., Inc. v. Ives Labs., Inc.*, 456 U.S. 844, 854 (1982)). The defendant must also have "direct control and monitoring of the instrumentality used by a third party to infringe." *Id.* (quoting *Lockheed Martin Corp. v. Network Solutions, Inc.*, 194 F.3d 980, 984 (9th Cir.1999)).

Dkt. # 25 at 18-19.

As for common law trademark claims, the plaintiff must first establish that they have a right to the trademark at common law. To do so, "the plaintiff must plead and prove that [they are] the senior user of the mark with sufficient market penetration to preclude the defendant from using the mark in a specific geographic market." *Hanginout, Inc. v. Google, Inc.*, 54 F. Supp. 3d 1109, 1118 (S.D. Cal. 2014). Seniority of use and market penetration "are two independent determinations—. . .both of which must be satisfied" before a court can address whether a plaintiff's trademark rights have been violated. *Id.*

Plaintiff has not adequately pleaded direct trademark infringement or false designation of origin under the Lanham Act. The FAC alleges that Defendant "used in commerce marks identical to or confusingly similar to Plaintiff's registered trademarks by altering the brand name, listing title, and backend attribution fields on active Amazon.com product listings" and "used false designations of origin and misleading representations of fact by altering active Amazon listings that originally derived from Plaintiff's trademarks, packaging, and GS1 ownership." Dkt. # 30 at 21-22. But as with Plaintiff's original complaints, the FAC does not allege that Defendant directly used Plaintiff's trademarks, nor does it plausibly allege that Defendant executed brand name changes on other listings in violation of Plaintiff's trademarks.[6] *See*

---

[6] Plaintiff appears to suggest that Defendant is liable for direct trademark infringement and/or false designation of origin under the Lanham Act due to its ownership and management of the platform where the alleged infringement occurred. *See* Dkt. # 30 at 6-11; *see also* Dkt. # 37 at 5. But this theory of infringement has been squarely rejected as a basis for direct liability under the Lanham Act. *See Atari Interactive*, 515 F. Supp. 3d at 1101 ("[A] party that merely facilitates or assists others' use cannot be liable for direct infringement.").

ORDER - 6

*generally id*. Plaintiff has thus failed to state a claim for direct trademark infringement or false designation of origin under the Lanham Act.

Plaintiff has also not adequately pleaded contributory trademark infringement. The FAC asserts that Defendant "had actual and repeated knowledge of the ongoing trademark infringement." Dkt. # 30 at 23. But as with Plaintiff's original complaints, the FAC cursorily states that Defendant had knowledge but fails to assert that Defendant knew of any specific infringers or instances of infringement and chose not to act.[7] *See generally id*. The FAC also does not establish any of the requisite facts to support a claim for contributory trademark infringement under common law; namely, that Plaintiff has common law rights to the marks at issue in this case. *See generally id*. Plaintiff has thus failed to state a claim for contributory trademark infringement under both the Lanham Act and the common law.

Because Plaintiff fails to "state a claim to relief that is plausible on its face" for any of his IP claims for injunctive relief, the Court must dismiss these claims under Rule 12(b)(6). *See Ashcroft*, 556 U.S. at 678.[8] As the Court has already provided Plaintiff with leave to amend, Plaintiff violated the Omnibus Order by including additional claims in the FAC, Plaintiff has not requested leave to amend, and the Court does not find that the interests of justice require further amendment, *see* Fed. R. Civ. P. 15, the Court dismisses Plaintiffs' claims with prejudice.[9]

---

[7] The Court notes that any facts in the FAC that could seemingly relate to Defendant's knowledge of specific instances were previously found to be insufficient to "allege that [Defendant] has the requisite knowledge for purposes of contributory infringement." Dkt. # 25 at 19.

[8] Because the Court is dismissing the FAC, it need not address Defendant's argument that Plaintiff's claims are now moot. *See* Dkt. # 48 at 2-3.

[9] The Court also notes that Plaintiff filed the FAC on September 3, 2025, i.e., four days after the Court's deadline for filing an amended complaint. *See* Dkt. # 25 (granting Plaintiff leave until August 29, 2025, to file an amended complaint). While the Court is dismissing Plaintiff's complaint under Rule 12(b)(6), it notes that Plaintiff's untimely filing presents the Court with another, independent basis for dismissal. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992), *as amended* (May 22, 1992); *see also* Fed. R. of Civ. P. 41(b).

ORDER - 7

Accordingly, the Court GRANTS Plaintiff's Motion to Compel Arbitration and Dismiss Plaintiff's Amended Complaint (Dkt. # 35).

B.  Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction

Plaintiff requests a temporary restraining order (TRO) and a preliminary injunction "compelling Amazon to immediately cease and reverse false trademark takedown activity that it is attributing to Plaintiff, to issue corrective notices to affected sellers, and to restore listings or mark the disputed complaints as retracted pending adjudication." Dkt. # 39 at 1. Defendant opposes the motion, alleging that it is a baseless filing by a vexatious litigant and that the Court has already compelled Plaintiff to arbitrate these claims. *See* Dkt. # 42 at 2, 4.

Preliminary injunctive relief is an "extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008). For a TRO or preliminary injunction, a plaintiff must establish: (1) "that [they are] likely to succeed on the merits"; (2) "that [they are] likely to suffer irreparable harm in the absence of preliminary relief"; (3) "that the balance of equities tips in [their] favor"; and (4) "that an injunction is in the public interest." *Id.* at 20; *see also Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001) (the standard for issuing a TRO is "substantially identical" to the standard for issuing a preliminary injunction). If a plaintiff fails to establish one or more of the *Winter* factors, a district court cannot issue the requested injunction. *See All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011).

Plaintiff has not established all four *Winter* factors. As for factor one, Plaintiff has not established that he is likely to succeed on the merits. As explained in Part III.A of this Order, all of Plaintiff's non-IP claims and IP claims for non-injunctive relief are stayed before this Court, pending the resolution of arbitration, and all of Plaintiff's IP claims for injunctive relief are dismissed with prejudice. Despite arguing that Defendant has engaged in unlawful conduct, *see*

*generally* Dkt. ## 39, 43, neither the Motion nor the Reply addresses how Plaintiff is likely to succeed on the merits of his claims[10] when all of his claims against Defendant have been dismissed or stayed by this court pending the conclusion of arbitration.[11]  As for the other factors, Plaintiff has not demonstrated how his claimed harms, "loss of control over business reputation and goodwill," amount to "irreparable injury" versus mere financial injury that could be resolved via monetary damages later if his claims were to succeed.  *See* Dkt. # 39 at 5.  Plaintiff also does not adequately explain how the balance of equities or the public interest favors a TRO or preliminary injunction here.  *See generally id*.  Plaintiff has thus failed to establish that he is entitled to the extraordinary remedy of preliminary injunctive relief.

Accordingly, the Court DENIES Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction (Dkt. # 39).

C.      Plaintiff's Motion to Lift Stay

Plaintiff moves to "lift the stay as to member case 2:25-cv-00860-JHC" and "confirm that Plaintiff's equity and constructive-trust claim is not referable to arbitration under the Federal Arbitration Act." Dkt. # 45 at 1.  In the alternative, Plaintiff requests: "(a) certification under 28 U.S.C. § 1292(b) limited to the arbitrability of that equity claim with a short stay pending a FRAP 5 petition, or (b) partial final judgment under Rule 54(b) on that claim to allow review under FAA § 16(a)(3)." *Id*.  Defendant responds that Plaintiff's request to lift the stay is "simply

---

[10] The Motion claims: defamation and injurious falsehood, tortious interference with contractual and prospective business relations, unfair competition under the Lanham Act, and violations of Washington and Florida law.  *See* Dkt. # 39 at 4-5.

[11] *See, e.g.*, *Hupala v. Tianhai Cent. Air Conditioning Co.*, No. C22-1408 RSM, 2022 WL 17582386, at *2 (W.D. Wash. Dec. 12, 2022) (holding that the existence of a mandatory arbitration provision "weighs against a likelihood of success on the merits"); *CRT Cap. Grp. v. SLS Cap., S.A.*, 63 F. Supp. 3d 367, 382 (S.D.N.Y. 2014) (holding that because plaintiffs' claims are arbitrable, "it necessarily follows" that plaintiffs have not shown a likelihood of success on the merits) (citations omitted); *Brignac v. Yelp Inc.*, No. 19-CV-01188-EMC, 2019 WL 2372251, *6 (N.D. Cal. June 5, 2019) (holding that a court cannot issue injunctive relief for claims not raised in the complaint).

ORDER - 9

another motion for reconsideration by another name" and must be denied on this basis. Dkt. # 51 at 2. Defendant also asserts that Plaintiff's requests for certification of an interlocutory appeal and a partial final judgment are improper and should be denied. *Id.*

Because Plaintiff's Motion effectively seeks partial reversal of the Court's Omnibus Order,[12] the Court construes Plaintiff's request to lift the stay as a partial motion for reconsideration. Under Local Civil Rule 7(h)(2), motions for reconsideration "shall be filed within fourteen days after the order to which it relates is filed." As this Motion relates to the Omnibus Order, which was filed more than two months before the instant motion, Plaintiff's Motion is clearly untimely.

Even if Plaintiff's Motion were timely, it would still fail. As explained by this Court in a prior order,

> "Motions for reconsideration are disfavored and will ordinarily be denied absent a showing of (a) manifest error in the ruling, or (b) facts or legal authority which could not have been brought to the Court's attention earlier with reasonable diligence." *Cunningham v. Fortney*, No. C23-1949 BHS, 2024 WL 1931695, at *1 (W.D. Wash. May 2, 2024), *aff'd*, No. 24-1914, 2025 WL 1779370 (9th Cir. June 27, 2025) (citing LCR 7(h)(1)). "Manifest error" is "an error that is plain and indisputable, and that amounts to a complete disregard of the controlling law or the credible evidence in the record." *Gaskill v. Travelers Ins. Co.*, No. C11-5847, 2012 WL 13026638, at *1 (W.D. Wash. Mar. 28, 2012) (quoting Black's Law Dictionary 622 (9th ed. 2009)).

Dkt. # 29 at 1-2. Plaintiff has not made a showing for reconsideration under either standard. Although Plaintiff says that the Court erred in staying his equitable and constructive trust-claim, *see generally* Dkt. # 45, his conclusory assertion that the claim cannot be arbitrated does not amount to a showing of "plain and indisputable" error based on "the controlling law or the credible evidence in the record." *Gaskill*, 2012 WL 13026638, at *1. Plaintiff also does not

---

[12] Plaintiff asks the Court to lift the stay (imposed by the Omnibus Order) as to his equity and constructive trust claims because his "equity member case (2:25-cv-00860-JHC) . . . was tossed in haphazardly [to the Court's order] like a half-eaten dinner roll into a to-go order." Dkt. # 45 at 2.

ORDER - 10

raise any new "facts or legal authority which could not have been brought to the Court's attention earlier with reasonable diligence." *Cunningham*, 2024 WL 1931695, at *1. Plaintiff has thus failed to satisfy the standard for a motion for reconsideration and the Court will not reassess the scope of the Omnibus Order's stay.

The Court also finds that Plaintiff is not entitled to the alternative forms of relief he seeks in the Motion. Under 28 U.S.C. § 1292, a party pursuing an interlocutory appeal must show that the: (1) "order involves a controlling question of law"; (2) "there is substantial ground for difference of opinion" as to that question of law; and (3) "an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b); *see also Couch v. Telescope Inc.*, 611 F.3d 629, 633 (9th Cir. 2010) (The "party pursuing the interlocutory appeal bears the burden" of demonstrating "that the certification requirements of the statute have been met."). Here, Plaintiff has not met his burden of demonstrating any of these elements, let alone all three.[13] Accordingly, the Court cannot certify an interlocutory appeal as to the arbitrability question under 28 U.S.C. § 1292(b).

A partial final judgment under Federal Rule of Civil Procedure Rule 54(b) is also not warranted in this case. Rule 54(b) permits a court to grant a partial final judgment "*only* if the court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b) (emphasis added). As noted by the Ninth Circuit, "Rule 54(b) should be used sparingly[,]" *Gausvik v. Perez*, 392 F.3d 1006, 1009 n.2 (9th Cir. 2004), with such judgments "reserved for the unusual case in which the costs and risks of multiplying the number of proceedings and of overcrowding the appellate docket are outbalanced by pressing needs of the litigants for an early

---

[13] To the extent there is any doubt, the Court submits its finding that Plaintiff has not formally requested an interlocutory injunction, nor established its elements, as the basis for its denial of Plaintiff's request for "this injunctive-type relief." *See* Dkt # 45 at 1 ("Plaintiff also respectfully requests findings under Fed. R. Civ. P. 52(a)(2) if the Court grants or refuses this injunctive-type relief.").

ORDER - 11

and separate judgment as to some claims or parties." *Morrison-Knudsen Co. v. Archer*, 655 F.2d 962, 965 (9th Cir. 1981).  Here, Plaintiff provides no facts in support of his purported pressing need for an early and separate judgment as to his equity and constructive-trust claim, *see generally* Dkt. ## 45, 52, nor is the Court otherwise convinced that there "no just reason for delay."  The Court thus declines to grant Plaintiff a partial final judgment under Rule 54(b).

Accordingly, the Court DENIES Plaintiff's Motion to Lift Stay (Dkt. # 45).

## IV
### Conclusion

For the above reasons, the Court ORDERS as follows:

1.    The Court GRANTS Defendant's Motion to Compel Arbitration and Dismiss Amended Complaint (Dkt. # 35).  Plaintiff is COMPELLED to arbitrate all claims for: (1) unjust enrichment; (2) tortious interference with business expectancy and failure to pay W2 wages; (3) violation of the ADA; and (4) non-injunctive relief associated with his claims of trademark infringement, false designation of origin, and contributory trademark infringement.  Plaintiff is also COMPELLED to arbitrate all claims previously designated as arbitrable by this Court.  *See generally* Dkt.  Plaintiff's claims for direct trademark infringement, false designation of origin, and contributory trademark infringement under the Lanham Act are DISMISSED with prejudice.  Plaintiff's claims for contributory trademark infringement under the common law are likewise DISMISSED with prejudice.

2.    The Court DENIES Plaintiff's Emergency Motion for Temporary Restraining Order and Preliminary Injunction (Dkt. # 39).

3.    The Court DENIES Plaintiff's Motion to Lift Stay as to Member Case No. 2:25-cv-00860 and to Confirm that the Equity and Constructive Trust Claims Are Not Subject to Arbitration (Dkt. #45).  The Court REAFFIRMS the stay as to Plaintiff's equity and

constructive-trust claims, DENIES Plaintiff's request to certify a narrow 28 U.S.C. § 1292(b) interlocutory appeal to the arbitrability of the equity claim, and DENIES Plaintiff's request for partial final judgment under Rule 54(b).

Dated this 28th day of October, 2025.

*John H. Chun*
John H. Chun
United States District Judge